[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND ORDER REGARDING CUSTODY, MOTION FOR CONTEMPT, AND RELATED MATTERS
The court having heard the parties regarding request for a change of custody, a motion for contempt, and related matters, and having considered the law and guidelines related thereto, and having received an agreement of the parties relative to custody, enters the following orders:
1) by agreement of the parties, plaintiff Loren Hunter shall have sole legal and physical custody of the parties' minor child, Ian Hunter, and in this regard the court notes that defendant Rosanne Hunter is not requesting any visitation rights at this time;
2) by agreement of the parties, plaintiff Loren Hunter shall not contact defendant Rosanne Hunter directly for any reason, but may contact her by mail at 56 Wetherell Street Manchester, Connecticut 06040.
3) the Motion to Remove the court-appointed attorney for the minor child is denied, the court having found no evidentiary basis to support this motion.
4) defendant Rosanne Hunter shall pay through the Connecticut support Enforcement Services Unit $30.00 per week as child support for said Ian Hunter on Monday November 4, 1991, Monday, January 20, 1991, and on each Monday thereafter, until further order of the Court;[1] a contingent wage execution order is hereby issued in enforcement of this obligation;
5) plaintiff Loren Hunter shall pay through the Connecticut Support Enforcement Services Unit $155.00 as unpaid alimony and child support due to defendant Rosanne Hunter on Monday, November 4, 1991.
6) plaintiff Loren Hunter shall provide medical and dental insurance for the benefit of Ian Hunter and each party shall be responsible for one-half of any such medical or dental expenses which are not covered by such insurance;
7) plaintiff Loren Hunter shall be responsible to pay to the defendant $300.00 as reimbursement for one-half of day care expenditures paid by the defendant for the benefit of minor Ian Hunter;
8) defendant's Motion for Contempt is denied. CT Page 10085
The court finds that in the circumstances of this case, the parties' agreement to transfer sole legal custody of Ian to his father, Loren Hunter is in the best interest of Ian. The parties shall arrange for defendant Rosanne Hunter to have a separation visitation with Ian.
JONES, J.